Filed 12/21/23  P. v. Lewis CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B328722 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA144866) |
| v. | |
| ARTHUR LEE LEWIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Affirmed.

California Appellate Project and Richard B. Lennon, Executive Director, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

Arthur Lee Lewis appeals the trial court's order denying his petition for vacatur of his murder conviction and resentencing under Penal Code section 1172.6.[1]

In 2019, Lewis was convicted of voluntary manslaughter. (§ 192)  The jury found that he personally discharged a firearm causing death (§ 12022.53, subd. (d)) and that he committed the crime for the benefit of or in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)).  Lewis was sentenced to 21 years in prison.

In 2021, this court affirmed the conviction.  (*People v. Lewis* (Apr. 15, 2021, No. B302108) [nonpub. opn.].)

In 2018, Senate Bill No. 1437 (2017–2018 Reg. Sess.) was enacted.  The legislation amended sections 188 and 189, and added former section 1170.95 (now § 1172.6).  (Stats. 2018, ch. 1015, §§ 2–4.)  Senate Bill No. 1437 limited application of the felony murder rule and eliminated murder based on the natural and probable consequences doctrine.  Through former section 1170.95, Senate Bill No. 1437 also created a procedure by which a defendant previously convicted of murder under either of those theories could file a petition for resentencing.  Former section 1170.95 became effective on January 1, 2019.

Effective January 1, 2022, Senate Bill No. 775 (2021–2022 Reg. Sess.) amended former section 1170.95 to expand its reach to defendants convicted of manslaughter, including persons convicted under a "theory under which malice is imputed to a person based solely on that person's participation in a crime." (former § 1170.95, subd. (a); Stats. 2021, ch. 551, § 2.)

---

[1] All further references are to the Penal Code.

In 2022, Lewis filed his section 1172.6 petition.[2] The trial court appointed counsel and held a hearing. The court denied Lewis's petition for failure to make a prima facie case because the jury found Lewis was the actual killer. Lewis timely appealed.

Lewis's counsel filed a brief indicating he could find no arguable issues to raise on appeal and requesting that this court follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232.

On August 15, 2023, we sent Lewis a letter informing him of his right to file a supplemental brief. Lewis personally filed a brief raising two issues: (1) while conceding that he is the actual killer, he argues that he is eligible for resentencing because he did not intend to kill the victim or act with malice, and (2) his due process rights were violated because the trial court sentenced him to the upper term rather than the middle term.

We reject Lewis's arguments and find that appellate counsel correctly concluded there are no arguable issues. First, Lewis was convicted as the actual killer. He is prima facie ineligible for relief under section 1172.6 because his conviction is still valid following the amendments to sections 188 and 189 made on January 1, 2019. (*People v. Garcia* (2022) 82 Cal.App.5th 956, 969.) Second, a petition for resentencing filed pursuant to section 1172.6 is limited to the issues implicated by that statute (see, e.g., *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438); a section 1176.2 petition is not the proper vehicle for other challenges to the trial court's sentencing determinations.

---

[2] Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

3

**DISPOSITION**

The trial court's order denying the petition for resentencing under section 1172.6 is affirmed.

NOT TO BE PUBLISHED.


                                    MOOR, J.


We concur:



        BAKER, Acting, P. J.



        KIM, J.